# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION

| | | |
|---|---|---|
| **DANNY W. GLENN,** | ) | From the Chancery Court |
| | ) | for Davidson County, Tennessee |
| | ) | |
| **Petitioner/Appellant,** | ) | The Honorable Ellen Hobbs , Chancellor |
| | ) | |
| **vs.** | ) | |
| | ) | Davidson Chancery No. 97-4045 |
| **TENNESSEE DEPARTMENT OF** | ) | Appeal No. 01A01-9806-CH-00288 |
| **CORRECTION,** | ) | |
| | ) | **AFFIRMED** |
| **Respondent/Appellee.** | ) | |
| | ) | Paul G. Summers |
| | ) | Michael E. Moore |
| | ) | Stephanie R. Reevers |
| | ) | Nashville, Tennessee |
| | ) | Attorneys for Respondent/Appellee |
| | ) | |
| | ) | Danny W. Glenn, Pro Se |
| | ) | Mountain City, Tennessee |

**FILED**

**August 3, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

---

## MEMORANDUM OPINION[1]

---

This matter appears appropriate for consideration pursuant to Rule 10(b) of the Rules of the

Court of Appeals of Tennessee.

This is a petition by a prisoner for judicial review, declaratory judgment, and for a common

law writ of certiorari regarding his sentencing. The prisoner contends, *inter alia*, that he should be

resentenced under the Criminal Sentencing Reform Act of 1989. The trial court granted the motion

to dismiss filed by the defendant Tennessee Department of Correction. We affirm.

In 1988, plaintiff Danny W. Glenn ("Glenn") was found to be an habitual criminal under

Tennessee Code Annotated §39-1-801 *et seq.* Under this statute, a person who has been convicted

of a felony at least three times can be sentenced as an habitual criminal in addition to being

sentenced for the underlying third or "triggering" felony. *See* Tenn. Code Ann. § 39-1-805 (1988)

(repealed 1989). Pursuant to this statute, Glenn was sentenced to life in prison on December 1, 1988.

On December 22, 1997, Glenn filed a petition in the chancery court in Davidson County,

Tennessee, against the Tennessee Department of Correction, seeking judicial review, declaratory

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). -- (b) **Memorandum Opinion.**
The Court, with the concurrence of all judges participating in the case, may affirm, reverse or
modify the actions of the trial court by memorandum opinion when a formal opinion would have
no precedential value. When a case is decided by memorandum opinion it shall be designated
"MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any
reason in a subsequent unrelated case.

judgment, and a writ of certiorari. In his petition, Glenn alleged that: (1) he should be re-sentenced under the Criminal Sentencing Reform Act of 1989, (2) his sentence has expired because of good conduct sentence credits, and (3) his constitutional right to equal protection under the state and federal constitutions was violated because he was treated differently from a person sentenced under the Criminal Sentencing Reform Act of 1989.

The Department of Correction then filed a motion to dismiss, accompanied by the affidavit of an employee of the Department, Fay Claud.[2] After reviewing the Department's records, Ms. Claud stated as follows:

> 1. Mr. Glenn was originally sentenced in Knox County, Tennessee on May 21, 1980, and ordered to serve a total of ten (10) to thirteen (13) years.
>
> 2. He was paroled on May 10, 1984. His parole was revoked after he received additional convictions in Blount County, Tennessee, for crimes committed while on parole.
>
> 3. He was paroled again in April 1987. His parole was revoked on November 10, 1987, due to pending charges.
>
> 4. On December 1, 1988, the Knox County Criminal Court sentenced Mr. Glenn to two concurrent life sentences in case number 31663, counts 3 and 4. The life sentences were imposed after Mr. Glenn was convicted as a Habitual Criminal under Tenn. Code Ann. § 39-1-801 *et seq.* The underlying triggering offense in count 3 was second degree burglary, [footnote omitted] and the offense for count 4 was grand larceny. The Tennessee Board of Paroles ordered that the life sentences begin on the date imposed. The sentencing court awarded three hundred, forty-six (346) days of pre-trial jail credit.
>
> 5. In April 1993, the Parole Eligibility Review Board (PERB) reviewed Mr Glenn's case, and voted to take no action to allow release prior to his calculated release dates. The PERB was terminated effective July 1, 1993.
>
> 6. Mr. Glenn's release eligibility date (RED) is calculated as thirty (30) calendar years less any sentence reduction credits earned and retained, in accordance with Tenn. Code Ann. § 40-26-116(b)(2)(repealed). As of December 1997, the calculated RED for Mr. Glenn is February 28, 2016; the calculated safety valve date is June 23, 2003; and there is no expiration date on his life sentence.

The trial court considered the Department's motion and Glenn's response. It held as follows:

> The Criminal Sentencing Reform Act of 1989, under which the petitioner asserts he is entitled to relief, applies by its express language to those offenses for which a person committed or was tried or sentenced after November 1, 1989. Tenn. Code Ann. § 40-35-117. In that the petitioner was sentenced in 1988, the Act of 1989 does not apply to him. *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875 (Tenn. Crim. App. 1992). Additionally, the petitioner's equal protection claim is invalid. In *Stewart*, the court determined that there is a legitimate state interest in not

---

[2]A motion to dismiss accompanied by matters outside the pleadings, such as an affidavit, is treated as a motion for summary judgment. Tenn. R. Civ. P. 12.03.

2

allowing the reopening of cases involving sentences imposed before November 1, 1989. *Id.* at 876-77.

Finally, at the time the petitioner was sentenced to life imprisonment, all the statutes to which he refers in his complaint were repealed by Tennessee Code Annotated section 41-21-236. Thus, the petitioner is not entitled to good and honor time under the Code sections he cites: sections 41-21-212, 214, 229, 230 and 228.

Therefore, the trial court dismissed Glenn's petition with prejudice. From this order, Glenn now appeals.

Glenn brings this action against the Department of Correction pursuant to Tennessee Code Annotated § 4-5-322 of the Uniform Administrative Procedures Act. Tennessee Code Annotated § 4-5-225 provides that a person may challenge "[t]he legal validity or applicability of a statute, rule or order of an [administrative] agency . . . in a suit for a declaratory judgment in the chancery court of Davidson County . . . ." Tenn. Code Ann. § 4-5-225(a) (1998). Prisoner discipline or job termination are exempted. Tenn. Code Ann. § 4-5-106(b) (1998). Tennessee Code Annotated § 4-5-323 provides a that "an aggrieved party" may obtain judicial review to this Court from a final judgment rendered in chancery court. Tenn. Code Ann. § 4-5-323 (1998). Thus, this Court has jurisdiction to hear this appeal. *See also Slagle v. Reynolds*, 845 S.W.2d 167, 169 (Tenn. 1992).

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Id.*

As noted by the trial court, Glenn's claims under the Criminal Sentencing Reform Act of 1989 and under the equal protection provisions of the state and federal constitutions were rejected

3

in ***State ex. rel. Stewart v. McWherter***, 857 S.W.2d 875 (Tenn. Crim. App. 1992). We agree with the trial court that ***Stewart*** controls and affirm the decision of the trial court on these issues.

Glenn also claims that he is entitled to good and honor time under Tennessee Code Annotated §41-21-212, good conduct sentence credits under Tennessee Code Annotated §41-21-229, prison performance credits under Tennessee Code Annotated §41-21-230, and inmate incentive credit under Tennessee Code Annotated §41-21-228. Under these statutes, Glenn calculates that his sentence has expired, and he should be released. However, as noted by the trial court, these statutes were repealed in 1985, prior to the date of Glenn's triggering felony as an habitual criminal in 1987 and prior to his sentencing in 1988. ***See*** Tenn. Code Ann. §§ 41-21-212, 228-30 (1997) (repealed 1985). The decision of the trial court is affirmed on this issue as well.

The decision of the trial court is affirmed. Costs on appeal are taxed against the Appellant, for which execution may issue if necessary.


_____
                                                                 
_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**ALAN E. HIGHERS, J.**

4