IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 27, 2000

## JOE P. DYER v. TENNESSEE BOARD OF PAROLES

**Appeal from the Chancery Court for Davidson County**
**No. 99-86-III     Ellen Hobbs Lyle, Chancellor**

_____

### No. M1999-00787-COA-R3-CV - Filed April 23, 2001

_____

Joe P. Dyer, a prison inmate, filed a petition in the Chancery Court of Davidson County for a writ of common law certiorari to review denial of parole. The trial court granted the respondent's Motion for Summary Judgment and we affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Joe P. Dyer, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General, and Dawn Jordan, Assistant Attorney General, for the appellee, Tennessee Board of Probation and Parole.

#### OPINION

Joe P. Dyer was convicted in 1975 on two counts of first degree murder and two counts of grand larceny. He was convicted on all charges and sentenced to death for the two murders. These sentences were commuted in 1977 to two consecutive life sentences, plus the time to be served for the two grand larceny convictions. Pursuant to then Tennessee Code Annotated section 40-3613, he would have to serve sixty years before becoming eligible for parole. Because of erroneous calculations and pursuant to *Slagle v. Reynolds*, 845 S.W.2d 167 (Tenn. 1992), he became eligible for parole after serving a minimum of thirty years.

In 1993, Petitioner was granted an early parole hearing pursuant to Tennessee Code Annotated section 41-1-504. He was denied parole on the basis of the seriousness of his offenses -- two first degree murders and two grand larcenies. Petitioner was granted a second parole hearing in 1998 and was again denied parole on the basis of the seriousness of his offenses. He will be reconsidered for parole in November 2003.

His Petition for Certiorari is directed at the failure of the parole board to grant him parole in 1998, and claims ex post facto and due process violations. Respondent filed a Motion for Summary Judgment which was granted by the trial court, and he now appeals.

The scope of review under a common law writ of certiorari is limited. The writ does not lie to review the intrinsic correctness of the trial court decision, and is only proper where the trial court has exceeded its jurisdiction, or acted illegally, fraudulently, or arbitrarily. *Arnold v. Tennessee Board of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997). Relief under common law certiorari can be granted where the inferior tribunal has acted in an unlawful manner. *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

As the trial court held the merits of Petitioner's Application for Common Law Certiorari are effectively foreclosed by *Kaylor v. Bradley*, 912 S.W.2d 728 (Tenn. Ct. App. 1995) and *Arnold v. Tennessee Board of Paroles*, 956 S.W.2d 478 (Tenn. 1997). First of all, the trial court properly dismissed Charles Traughber, individually, as neither he or other individual members of the Tennessee Board of Paroles are proper parties defendant under Tennessee Code Annotated section 27-9-104.

Secondly, in making the assertion that he should be considered for parole under the law as it existed in 1974, rather than presently existing law, Mr. Dyer seeks the advantage of a superceded rule which provided: "The Board operates under the presumption that each resident who is eligible for parole is a worthy candidate and thus the Board presumes that he will be released on parole when he is first eligible." Tenn. Comp. R. & Regs. r. 1100-1-1.06 (superceded). This is exactly the position rejected in *Kaylor v. Bradley*, 912 S.W.2d 728 (Tenn. Ct. App. 1995) which was applied by the trial court in this case.

Petitioner further asserts that statutes and regulations passed subsequent to 1974 have had the effect of diminishing his parole eligibility and thus cannot be applied ex post facto. The trial court answered this assertion persuasively:

> The Court is also persuaded by the respondent's argument that the current statutes have only changed the procedural framework within which the Board exercises its discretion to determine whether eligible candidates will be paroled. The current statutes do not affect the length of the petitioner's life sentences, do not change the application of sentence reduction credits to parole eligibility date and do not affect eligibility for parole consideration in any manner. In *Kaylor*, 912 S.W.2d at 732, the Tennessee Court of Appeals noted that the ex post facto clause is implicated only if the effect of the repeal is to impose a greater or more severe punishment than was proscribed by law at the time of the offense. What the petitioner complains about in the case at bar is that he no longer receives the presumption that he is a worthy candidate for parole and that he will be released on parole when he is first eligible. The change in that presumption is not imposition of

a greater or more serious punishment than was proscribed by law at the time of the offense.

Petitioner complains that Tennessee Code Annotated section 40-35-503(b)(2),allowing the parole board to deny parole because of the seriousness of the offense for which he was convicted, is an ex post facto law. The Code section does not affect parole eligibility date or denial of parole, but instead enumerates one reason which the parole board may elect, in its discretion, to deny parole.

Next, the petitioner claims that use of 'the seriousness of the offense' reason for denying parole for a second time violates due process and amounts to double jeopardy. Such assertions have previously been made and rejected. *See Arnold v. Tennessee Board of Paroles*, 956 S.W.2d 478 (Tenn. 1997) and *Mosley v. Tennessee Board of Paroles*, No. 01-A-01-9604-CH-00162, 1996 WL 631477 (Tenn. App. Nov. 1, 1996).

Petitioner finally asserts that Respondent Traughber and the other board members conducted only a cursory review before denying him parole in 1998. These conclusions concerning the intrinsic evidence before the board are not a proper subject for common law certiorari review.

The judgment of the trial court is in all respects affirmed and costs are assessed against Petitioner.

_____
WILLIAM B. CAIN, JUDGE