IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2017

## FREDRICK SLEDGE v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 14-1041-III      Ellen H. Lyle, Chancellor**

_____

**No. M2016-01664-COA-R3-CV**

_____

Appellant, an inmate in the custody of Appellee Tennessee Department of Correction, appeals the trial court's dismissal of his petition for declaratory judgment. Specifically, Appellant challenges the Tennessee Department of Correction's calculation of his jail credit on his criminal sentence. We conclude that the calculation of Appellant's jail credit comports with the judgment of the criminal court. Affirmed and remanded.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and W. NEAL MCBRAYER, JJ., joined.

Fredrick Sledge, Only, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Jennifer L. Brenner, Senior Counsel, for the appellees, Tennessee Department of Correction and State Attorney General.

# OPINION

## I. Background

Fredrick Sledge ("Appellant") is an inmate in the custody of Appellee, the Tennessee Department of Correction ("TDOC"). On December 10, 1991, Mr. Sledge robbed and murdered Johnny Harris. In November 1993, Mr. Sledge was convicted of first degree murder, and especially aggravated robbery arising from the robbery and murder of Mr. Harris. Mr. Sledge received the death sentence for the murder charge and was sentenced to twenty years in prison for the especially aggravated robbery charge. Mr. Sledge appealed his convictions for felony murder and especially aggravated robbery. The Court of Criminal Appeals affirmed both convictions, but reversed the death sentence and remanded for resentencing. *State v. Sledge*, No. 02C01-9405-CR-00089, 1997 WL 730245 (Tenn. Crim. App., Nov. 25, 1997). The Tennessee Supreme Court affirmed. *State v. Sledge*, 15 S.W.3d 93 (Tenn. 2000) (affirmed as modified). Following remand, by order of August 9, 2001 the criminal trial court resentenced Mr. Sledge to life imprisonment with the possibility of parole for the first degree murder conviction. These sentences were ordered to be served consecutively to each other and consecutively to two convictions for aggravated robbery.

On July 16, 2014, Mr. Sledge filed a petition for declaratory judgment in the Chancery Court for Davidson County ("trial court"), asserting that the TDOC violated the law by not allowing him to meet with the Board of Probation and Parole, and by not crediting him with 3,521 days of pretrial jail credit, which he was awarded by the criminal trial court in August 2001 when he was resentenced. The TDOC filed a motion to dismiss for failure to state a claim upon which relief could be granted. The TDOC supported its motion with the affidavit of Candace Whisman, the TDOC's Director of Sentence Management Services. The trial court treated the TDOC's motion as a motion for summary judgment and found in favor of Appellees. Mr. Sledge appealed to this Court in *Sledge v. Tenn. Dep't of Corr.*, No. M2014-02564-COA-R3-CV, 2015 WL 7428578 (Tenn. Ct. App. Nov. 20, 2015) ("*Sledge I*"). In *Sledge I*, we vacated the trial court's grant of summary judgment, finding that there was a dispute of material fact as to the number of pretrial jail credit days due to Appellant. Specifically, the criminal trial court's judgment stated that Mr. Sledge would receive 3,521 days of pretrial jail credit, but the TDOC's Sentence Management Services awarded him only 516 days of pretrial jail credit.

Following remand, the Shelby County District Attorney's Office filed, in the criminal trial court, a Motion to Correct Clerical Mistake Without a Hearing Regarding Pretrial Jail Credit in 92-04081.[1] On April 19, 2016, the criminal court trial judge, who signed the original order sentencing Mr. Sledge to life on August 9, 2001, signed a

---

[1] This Motion is mentioned in a footnote in Appellee's brief, but it does not appear in the record.

"Corrected Order" awarding Mr. Sledge pretrial jail credit of 211 days for the time period between December 18, 1991 and July 15, 1992. Subsequently, the TDOC filed a second affidavit from Ms. Whisman, dated June 16, 2016, which stated that the "[t]otal jail credit now applied to Case 9204081 life sentence is 211 days for the time period of December 18, 1991 to July 15, 1992 . . . ." On July 27, 2016, the trial court entered a Memorandum and Order Closing Case Upon Carrying Out Remand finding that the TDOC complied with this Court's *Sledge I* Opinion and that the case was final. On August 5, 2016, Mr. Sledge filed a Motion to Alter or Amend Judgment, which the trial court denied by order of September 20, 2016. Mr. Sledge appeals.

## II. Issues

Appellant raises three issues for review. However, we perceive that there are two dispositive issues, which we state as follows:

1. Whether the criminal trial court's Corrected Order is valid?

2. If so, whether the TDOC correctly structured Appellant's sentence to comport with the criminal trial court's Corrected Order?

## III. Standard of Review

There was no trial in this case, and the issues presented are strictly questions of law. Therefore, this Court's review is de novo with no presumption of correctness as to the trial court's conclusions. *See Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008).

While we are cognizant of the fact that Mr. Sledge is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

## IV. Analysis

### A. Validity of Criminal Court Order

Appellant argues that the criminal trial court's Corrected Order is invalid on two grounds: (1) he received no notice of the motion to correct the order; and (2) the criminal court judge, who corrected the order, was biased based on his previous recusal. These questions are not within the scope of our review. Rather, any argument as to the validity of the corrected order should be addressed to the Court of Criminal Appeals.[2] Tenn. Code Ann. § 16-5-108; *Slagle v. Reynolds*, 845 S.W.2d 167, 169 (Tenn. 1992) ("This statute vests jurisdiction of 'cases or proceedings instituted in reference to or arising out of a criminal case' in the Court of Criminal Appeals.").

The only avenue for this Court to address the validity of the criminal court's order would be if the order somehow violated the law of the case as set out in our previous opinion, *Sledge I*. As the Tennessee Supreme Court has explained:

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication.
>
> ***
>
> Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand.

*Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 Tenn. 1998) (citations omitted). In *Sledge I*, we reversed the grant of summary judgment, and found that there was a dispute as to the amount of pretrial jail credits

---

[2] We note that Mr. Sledge has appealed some of the issues discussed in this appeal to the Court of Criminal Appeals in *State v. Sledge*, No. W2014-02305-CCA-R3-CD, 2015 WL 5012644 (Tenn. Ct. App. Aug. 25, 2015). In that case, Mr. Sledge filed a Rule 36.1 motion to correct his illegal sentence. *Id.* at *2. In his motion, Mr. Sledge argued inter alia, that (1) the criminal trial court judge was biased; (2) the TDOC did not allow Mr. Sledge to meet with the parole board; and (3) that he "was not awarded pretrial jail credit days pursuant to the judgment form for his life sentence." *Id.* However, it does not appear that Mr. Sledge argued the issue of meeting with the parole board or the issue that he was not awarded proper pretrial jail credit days on appeal in that case. *Id.*

awarded Appellant by the criminal trial court. However, we noted that the dispute could be the result of a clerical error in the criminal trial court's judgment, to-wit:

> It is not ascertainable from the record before us whether the criminal court's award of 3,521 pretrial jail credit days was an error of law, or the result of clerical error. If it was a clerical error, the judgment may be subject to correction under Tenn. R. Crim. P. 36, which provides that the "court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." *See also* **State v. Pendergrass**, 937 S.W.2d 834, 837 (Tenn. 1996); **State v. Moore**, 814 S.W.2d 381, 382-83 (Tenn. Crim. App. 1991); **State v. Davis**, No. e2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App., filed Mar. 4, 2002).

**Sledge v. Tenn. Dep't of Corr.**, No. M2014-02564-COA-R3-CV, 2015 WL 7428578, at *6 (Tenn. Ct. App. Nov. 20, 2015).

In its brief, the TDOC asserts that the criminal trial court's judgment contained a clerical error. After receiving the judgment in **Sledge I**, the Shelby County District Attorney approached the criminal trial court with a Motion to Correct Clerical Mistake Without a Hearing Regarding Pretrial Jail Credit in 92-04081, and the April 19, 2016 Corrected Order was entered by the criminal trial court in response to that motion. Accordingly, the entry of the Corrected Order is not in direct contravention of our previous holding so as to allow us to review the validity of the Corrected Order. Rather, this question is solely the purview of the Court of Criminal Appeals.[3] For purposes of this appeal, we must presume that the Corrected Order is valid. The sole question then is whether the TDOC followed the Corrected Order in structuring Appellant's sentence.

### B. Structure of Appellant's Sentence

Tennessee Code Annotated Section 40-23-101(c) provides that:

> [t]he trial court shall, at the time the sentence is imposed and the defendant is committed to . . . the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail . . . or county jail . . . pending arraignment and trial.

---

[3] Appellant argues that he should be allowed discovery concerning the criminal trial court judge's alleged bias and also argues that the criminal trial court judge did not have subject-matter jurisdiction to enter the Corrected Order. Because the questions of bias and the criminal trial court's authority go directly to the validity of the judge's order, these arguments, too, are the purview of the Court of Criminal Appeals.

This statute directs the criminal court, not the TDOC, to award pretrial jail credits. In fact, the TDOC "is powerless to change what the trial court awarded or failed to award." *State v. Smith*, No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at *2 (Tenn. Crim. App. Feb. 18, 2004) (Tipton, J. concurring). Furthermore, the TDOC "may not alter the judgment of the court, even if that judgment is illegal." *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978); *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Ct. Crim. App. 2009). "The Department [of Correction] is required to calculate sentences in accordance with the sentencing court's judgment and with applicable sentencing statutes." *Bonner v. Tenn. Dept. of Correction*, 84 S.W.3d 576, 581-82 (Tenn. Ct. App. 2001).

The Corrected Order provides that Appellant's "Pretrial Jail Credit Period(s)" were from December 18, 1991 until July 15, 1992 and awards Appellant 211 days. Ms. Whisman's affidavit of June 16, 2016 explains how the TDOC implemented the criminal trial court's orders:

> [The] Shelby County [Criminal] Court provided a corrected order in Case 9204081 dated April 19, 2016, that removed all duplication of previously awarded jail credit. Total jail credit now applied to Case 9204081 life sentence is 211 days for the time period of December 18, 1991 to July 15, 1992, and 56 days of pretrial behavior credit have been applied.
>
> ***
>
> Mr. Sledge is serving a total [] sentence structure of 40 years plus life with the life sentence consecutive to the 40 years. This 40 year sentence calculation began effective July 15, 1992, and reflects a current release eligibility date (RED originally set at 12 years overall) of January 6, 1997, and a current expiration date of January 5, 2025. The calculation of the RED and expiration dates include 80 days of pretrial behavior credit and a total of 2,667 days of PSRC earned since June 1993. The calculation of the time to serve for the RED of the life sentence began January 6, 1997, minus 211 days of pretrial jail credit and 56 days of pretrial behavior credits for a start date of approximately April 14, 1996 plus time to serve of 36 years (time to serve for release eligibility on a life sentence) for a current RED on the life sentence of April 14, 2032.

Based on our review of the record, specifically Ms. Whisman's affidavit, we conclude that the TDOC comported with the criminal trial court's Corrected Order in calculating Mr. Sledge's jail credit. Accordingly, we affirm the trial court's ruling that the TDOC has complied with our remand in *Sledge I*.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Fredrick Sledge. Because Mr. Sledge is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE