James SLAGLE, Plaintiff-Appellant,

v.

Jeff REYNOLDS, Commissioner, Tennessee Department of Correction, et al., Defendants-Appellees.

Supreme Court of Tennessee, at Nashville.

Dec. 21, 1992.

James Slagle, pro se.

David L. Raybin, Rebecca Freeman, Nashville, for amicus curiae Tennessee Ass'n of Criminal Defense Lawyers.

Charles W. Burson, Atty. Gen. & Reporter, John B. Nisbet, III, Asst. Atty. Gen., Nashville, for defendants-appellees.

## OPINION

DROWOTA, Justice.

James Slagle, Plaintiff–Appellant, has appealed from a judgment of the Court of Criminal Appeals affirming the Chancellor's grant of summary judgment in favor of the Tennessee Department of Corrections [hereinafter "Department"], Defendant–Appellee. The primary issue presented concerns the propriety of the Department's recalculation of Mr. Slagle's parole eligibility date from the year 1998 to the year 2053.

Mr. Slagle is an inmate in the custody of the Department incarcerated at Brushy Mountain State Prison. In 1968, he was convicted of first degree murder, armed robbery, kidnapping, and assault with intent to commit first degree murder. He was sentenced to 99 years for the murder conviction, 99 years for the kidnapping, 99 years for the robbery, and 3 to 21 years for the assault. The sentences were to run consecutively.

Mr. Slagle's total sentence was initially calculated by the Department without parole eligibility because under the law then in effect there could be no parole for kidnapping. *See* former T.C.A. § 39–2603. However, in 1970, due to a change in the law, the sentences were calculated based on one cumulative sentence with a parole eligibility date of 30 years (September, 1998). The calculation was based upon T.C.A. § 40–3613 (later renumbered as T.C.A. § 40–28–116(b)(2) and then repealed in 1989) which read in pertinent part:

> [A]ny person who shall have been convicted and sentenced to a term of imprisonment in the state penitentiary for a period or term of fifty (50) years or more, may become eligible for parole provided such person shall have been confined or served a term in the state penitentiary of not less than thirty (30) full calendar years. The granting of such a parole shall be within the discretion of the parole board.[1]

In July, 1987, the Department realized that it had calculated Mr. Slagle's parole eligibility date as if the multiple sentences were a *single* sentence of 50 years or more. This was discovered when the Department implemented a new computer system which automated sentence calculations. As a result, Mr. Slagle's parole eligibility date was recalculated with parole eligibility for *each* sentence of 99 years set at 30 years pursuant to T.C.A. § 40–3613 (plus the parole

---

1. In 1974, this statute was amended to increase the 50 year sentence to a sentence of 65 years or more, or to a life sentence.

eligibility date for the 3 to 21 year sentence for assault). Mr. Slagle's parole eligibility date was thus set for the year 2053 rather than 1998.

The Department's recalculation prompted Mr. Slagle to bring a declaratory judgment action in the Chancery Court of Davidson County pursuant to the Uniform Administrative Procedures Act, T.C.A. § 4–5–101 et seq. When the trial court granted summary judgment against Mr. Slagle, he appealed to the Court of Appeals pursuant to T.C.A. § 4–5–323, which provides that "[a]n aggrieved party may obtain a review of any final judgment of the Chancery Court under this chapter by appeal to the Court of Appeals of Tennessee."

Upon receipt of the case on appeal, the Court of Appeals transferred it to the Court of Criminal Appeals pursuant to T.C.A. § 16–5–108(a)(2). This statute vests jurisdiction of "cases or proceedings instituted in reference to or arising out of a criminal case" in the Court of Criminal Appeals. The Court of Criminal Appeals affirmed the trial court. Relying upon this Court's decision in *Howell v. State,* 569 S.W.2d 428 (Tenn.1978), the court explained:

The interpretation of the parole eligibility date of this consecutively-sentenced appellant is supported in logic and reason. To find otherwise would contravene the intent of the legislature and the sentencing court in the area of consecutive sentencing. A different calculation would mean that after this appellant has become eligible for parole on his first 99–year sentence, the last three sentences are meaningless.

Judge Byers dissented on the basis that T.C.A. § 4–5–323 vests appellate jurisdiction of cases brought under the Uniform Administrative Procedures Act, such as the instant one, in the Court of Appeals, not the Court of Criminal Appeals. Accordingly, Judge Byers opined that the Court of Criminal Appeals had no jurisdiction to decide the case one way or the other.

■ Addressing the jurisdiction question first, the State argues, as did Judge Byers, that the Court of Criminal Appeals did not have subject matter jurisdiction to hear and decide this case because it was brought pursuant to the Uniform Administrative Procedures Act. Mr. Slagle and the Amicus Curiae take no position on the matter.

T.C.A. § 4–5–224 provides that any person may challenge "[t]he legal validity or applicability of a statute, rule or order of an [administrative] agency ... in a suit for a declaratory judgment in the chancery court of Davidson County...." The legislature did not exempt the Department from the provisions of the uniform act, except for situations involving prisoner disciplinary or job termination proceedings. T.C.A. § 4–5–106(a), (b). T.C.A. § 4–5–323 states that "[a]n aggrieved party may obtain a review of any final judgment of the chancery court ... by appeal to the Court of Appeals of Tennessee."

It is undisputed that Mr. Slagle brought this action as a declaratory judgment action in the Davidson County Chancery Court pursuant to T.C.A. § 4–5–224. Although it is understandable why the Court of Appeals would have transferred this case to the Court of Criminal Appeals given the language of T.C.A. § 16–5–108(a)(2), the provision providing for appeals under the Administrative Procedures Act, T.C.A. § 4–5–323, explicitly provides for review by the Court of Appeals, not the Court of Criminal Appeals. The subject matter jurisdiction of an appellate court cannot be conferred where none exists. *See James v. Kennedy,* 174 Tenn. 591, 129 S.W.2d 215, 216 (1939). The clear statutory language of T.C.A. § 4–5–323 compels this Court to conclude that cases such as the instant one be heard and decided by the Court of Appeals, notwithstanding the desirability of having these types of cases decided by the Court of Criminal Appeals. While it would seem that the better course would be to rely upon the expertise of the Court of Criminal Appeals in criminal matters, we find no rule or statute permitting an escape from the specific directives of T.C.A. § 4–5–323 relating to appeals under the Administrative Procedures Act.

■ Having decided that the Court of Criminal Appeals did not have jurisdiction,

a remand to the Court of Appeals would ordinarily be proper. However, in the interest of judicial economy and in light of the nature of the question presented, we will nonetheless address the issue of Mr. Slagle's parole eligibility date. The propriety of the Department's recalculation of Mr. Slagle's parole eligibility date is controlled by this Court's decision in *Howell v. State*, 569 S.W.2d 428 (Tenn.1978). In *Howell*, the Court dealt "with the troublesome and recurring problem of the proper method of computing parole eligibility in cases wherein consecutive determinate or life sentences are imposed." *Howell* 569 S.W.2d at 429–30. The defendant in *Howell* was sentenced to two consecutive life terms for two convictions of first degree murder. Like Mr. Slagle, his parole eligibility was calculated under T.C.A. § 40–3613 so that he would be eligible for parole after serving 30 years. The Court of Criminal Appeals held that the two consecutive sentences should be combined and parol eligibility under T.C.A. § 40–3613 computed on the basis of a single sentence.

Unlike the present case, the State in *Howell* urged the Court to treat multiple consecutive sentences for separate crimes as one continuous term of imprisonment for purposes of calculating parole eligibility under T.C.A. § 40–3613. *Id.* 569 S.W.2d at 431. The Court declined to follow the State's suggestion, explaining:

> In reaching this conclusion, the State, as did the Court of Criminal Appeals, relies upon the cumulative approach, with a resulting maximum of a total of thirty (30) years. Quite aside from the fact that this maximum has no application in cases involving determinate consecutive sentences, by parity of reasoning the same maximum, if applicable, would apply to multiple consecutive life sentences. The result would be that all murders beyond the first would be 'on the house' and that society could protect

itself only to the extent of the first murder.

*Id.* 569 S.W.2d at 432.

> The Court further noted that
>
> [r]eading § 40–3613 as insisted by the State would mean that a prisoner who committed one murder with a resulting life sentence would serve 30 years. Precisely the same time would be served by a prisoner who had committed ten murders with ten consecutive life sentences. Two thirty-five year sentences would be served in thirty years, ten thirty-five year consecutive sentences would be served in the same 30 years. These results border on the ludicrous.

*Id.* 569 S.W.2d at 434. However, obviously recognizing the potentially chaotic problems associated with retroactive application of its holding to settled cases, the Court limited the effect of its opinion by applying it prospective only. "This opinion is prospective only and shall have no effect upon those cases wherein parole eligibility dates have already been established or to cases already final in the trial court." *Howell* at 435.[2]

Mr. Slagle's 1998 parole eligibility date was calculated in 1970, eight years prior to the *Howell* decision. The recalculation took place in 1987, nine years subsequent to *Howell*. The Department's recalculation of Mr. Slagle's parole eligibility date is starkly inconsistent with the prospective holding of *Howell*. This case does not present the problem of a mere miscalculation of a parole eligibility date such as where a clerk simply adds numbers incorrectly. Rather, the case involves a complete recalculation of a parole date. The latter situation is what presents a *Howell* problem because Mr. Slagle had his initial parole eligibility date calculated based on the then-prevailing understanding of the nature of consecutive sentencing for purposes of applying T.C.A. § 40–3613. *Howell's* prospective limitation was intended to

---

**2.** As this Court noted in *State v. Robbins*, 519 S.W.2d 799 (Tenn.1975), a "factor which weighs heavily against retroactive application is the prospect that the integrity of the fact-finding process at trial will not be materially enhanced, coupled with the wholesale unsettling of final judgments of conviction." 519 S.W.2d at 801. Obviously, the Court in *Howell* was concerned with final judgments and fixed parole dates when it held that the decision would only be prospective.

see that those parole calculations were not altered. Accordingly, we hold that it was improper for the Department to alter Mr. Slagle's parole eligibility date from 1998 to the year 2053.

In view of the foregoing, the judgment of the courts below are reversed. The case is remanded to the trial court for any further proceedings which may be appropriate or necessary. Costs are adjudged against the Appellees.

REID, C.J., and O'BRIEN and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.