**James M. BISHOP, Appellant,**

v.

**Robert CONLEY, Warden, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 8, 1994.

Steve Davis, Dist. Public Defender, Clarence U. Cochran, Asst. Dist. Public Defender, Dyersburg, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Crim. Justice Div., Nashville, C. Phillip Bivens, Dist. Atty. Gen., Dyersburg, for appellee.

**OPINION**

SUMMERS, Judge.

The appellant, James M. Bishop, filed a *pro se* petition for writ of habeas corpus challenging the Department of Correction's disciplinary ruling which increased his release eligibility date. The trial court dismissed appellant's petition without an evidentiary hearing. From this dismissal, appellant now appeals contending that he is entitled to have his petition transferred to the Chancery Court of Davidson County as a petition for writ of certiorari.

· We affirm the trial court's judgment of dismissal.

Appellant is incarcerated on multiple offenses including burglary, aggravated robbery, and first-degree murder. In 1989, he escaped while assigned to the Nashville Community Work Release Center in Nashville, Tennessee, and was subsequently convicted. In a separate disciplinary proceeding conducted by the Department of Correction, ap-

pellant pled guilty to the escape and his release eligibility date was increased by 20%.

In its order denying appellant relief, the trial court correctly found that appellant's petition for writ of habeas corpus was not the proper method to challenge the Department of Correction's disciplinary action. There is no indication that his convictions are void or that his sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993). Appellant presents no facts supporting grounds for habeas corpus relief.

Nor may appellant proceed under the Uniform Administrative Procedures Act. T.C.A. §§ 4–5–101 to –324. As the Tennessee Supreme Court made clear in *Slagle v. Reynolds*, 845 S.W.2d 167, 169 (Tenn.1992), the legislature specifically excluded disciplinary proceedings of the Department of Correction from the provisions of the Act. T.C.A. § 4–5–106. The proper procedure for a prisoner seeking review of a disciplinary action of the Department of Correction is by petition for writ of certiorari. T.C.A. §§ 27–8–101, –102. The writ must be filed within 60 days from the final decision of the reviewing board or commission. T.C.A. § 27–9–102.

We also find that appellant filed his petition in the wrong court. Because appellant seeks relief against an agency of state government, the writ should have been filed in the county which is the official situs of the agency's head office. The proper courts in this instance are the courts of Davidson County. *Brigham v. Lack*, 755 S.W.2d 469, 471 (Tenn.Crim.App.1988).

Appellant realizes that he has filed an inappropriate petition in the wrong court. However, he maintains that this Court has the authority to convert his petition for writ of habeas corpus to a writ of certiorari and transfer it to the courts of Davidson County. We disagree.

We find no authority, statutory or otherwise, which would allow this Court to transfer appellant's case across jurisdictional boundaries.[1] Furthermore, we can find no authority which would allow this Court to convert the appellant's habeas corpus petition into a petition for writ of certiorari. Appellant appears to rely on the decision of *Fallin v. Knox County Board of Commissioners*, 656 S.W.2d 338 (Tenn.1983), for its proposition. In *Fallin*, the Supreme Court determined that an action for declaratory judgment is the proper vehicle by which to seek invalidation of a zoning ordinance. However, rather than allow dismissal, the Court permitted an improperly filed writ of certiorari to be treated as an action for a declaratory judgment to review zoning legislation. 656 S.W.2d at 342. In doing so, the Court allowed a remedy within the trial court's jurisdiction to be treated as a different remedy still within the trial court's jurisdiction. It is a far stretch from *Fallin* to allow a court exercising criminal jurisdiction to convert the remedy of habeas corpus to a civil action and to order that matter transferred to the civil courts of Davidson County. We find that this Court is without the jurisdiction to do so.

Even if we had found the authority to transfer this matter to the courts of Davidson County as a writ of certiorari, we still find that appellant would not be entitled to relief. From the record that is available to us on review, it appears that the disciplinary action against appellant took place on November 2, 1991, and that he pled guilty to the disciplinary charges on November 7, 1991. This appears to be the last action taken on the matter until appellant's filing of the writ of habeas corpus on December 22, 1993. Appellant's filing of the petition was well outside the 60–day statute of limitations for filing a petition for a writ of certiorari. T.C.A. § 27–9–102. This issue is without merit.

AFFIRMED.

HAYES, J., and PAUL R. SUMMERS, Special Judge, concur.

1. We are aware of our Court's decision in *Richard Lynn Norton v. Don Everhart, Warden*, No. 03C01–9205–CR–00186, 1993 WL 430644 (Tenn. Crim.App., Knoxville, October 26, 1993) (Rule 11 Application Granted March 28, 1994), which ruled that this Court has "inherent authority" to make such transfers; however, we decline to follow this reasoning.

HAYES, Judge, concurring.

I concur with the result reached by the majority in affirming the trial court's dismissal of the petition. I am unable, however, to join in the majority's construction that the Uniform Administrative Procedures Act (UAPA) has no application to this case. A reading of the UAPA leads me to conclude that the UAPA was intended to provide a procedure for judicial review from all state agencies unless they are expressly exempted by the act. It is my opinion that disciplinary proceedings are not exempted from the act. Furthermore, I conclude that the appellant in the case before us is seeking review of an increase by the Department of Correction in his release eligibility date, rather than review of a disciplinary proceeding.

As authority for its conclusion that the UAPA does not apply in the case before us, the majority cites *Slagle v. Reynolds*, 845 S.W.2d 167 (Tenn.1992). In *Slagle*, the supreme court included a one sentence observation that the UAPA does not apply to disciplinary proceedings of the Department of Correction. *Id.*, at 169. This statement was clearly *dictum*. The appellant in *Slagle* did not take any position regarding the applicability of the UAPA. *Id.* The court's statement concerning disciplinary procedures was made without discussion or full consideration of the issue. Moreover, the court's statement regarding the applicability of the UAPA to disciplinary proceedings was not essential to the court's decision, because *Slagle* did not involve the appeal of a disciplinary proceeding.

The majority concludes that Tenn.Code Ann. § 4–5–106 exempts disciplinary proceedings by the Department from every provision of the UAPA. Section 4–5–106(b) states:

(b) Disciplinary and job termination proceedings for prisoners under the supervision of the department of correction or juveniles under the supervision of the department of youth development shall not

be considered "contested cases" as that term is defined by § 4–5–102.

The language contained in the above provision does not exclude disciplinary proceedings by the Department of Correction from the provisions of the UAPA. Instead, as the language clearly points out, it merely insures that disciplinary proceedings are not considered "contested cases" as that term is defined by § 4–5–102.[1] Under Tenn.Code Ann. § 4–5–223(a)(1) a "contested case" merely provides an alternative procedure for an administrative review of an agency proceeding. A "contested case" is not a prerequisite for judicial review under the UAPA. The Act clearly provides a procedure for judicial review of agency decisions where no contested case is convened by the agency. See Tenn. Code Ann. § 4–5–223(a)(2), 4–5–224.

The UAPA was enacted in part to "clarify and bring uniformity to the procedure of state administrative agencies and judicial review of their determinations." Tenn.Code Ann. § 4–5–103(a). The UAPA applies to all existing agencies and to all pending administrative proceedings unless they are expressly exempted. *Mid–South Indoor Horse Racing, Inc. v. Tennessee State Racing Comm'n*, 798 S.W.2d 531, 536 (Tenn.App.1990). Also, the provisions of the UAPA "shall be given a liberal construction and any doubt as to the existence or the extent of a power conferred shall be resolved in favor of the existence of the power." Tenn.Code Ann. § 4–5–103(a).

The statutory provision concerning disciplinary proceedings found in § 4–5–106(b) does not expressly exempt such proceedings from any provisions of the UAPA, but merely modifies the definition of a "contested case" contained in § 4–5–102. *See Mid–South Indoor Horse Racing, Inc.*, 798 S.W.2d at 536 (the definitions in Tenn.Code Ann. § 4–5–102 are extremely broad and are modified by specific exceptions in § 4–5–106). The language of this provision, § 4–5–106(b), should be contrasted with that of § 4–5–106(a), which expressly exempts several governmental entities from the entire act, and § 4–5–

---

1. Tenn.Code Ann. § 4–5–102(3) defines a "contested case" as a:

proceeding, including a declaratory proceeding, in which the legal rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing.

106(c) which expressly exempts the Board of Paroles and certain other agencies from several provisions of the UAPA. If the General Assembly had intended to exempt disciplinary proceedings of the Department of Correction from the provisions of the act, they would have expressly stated so in language similar to that found in §§ 4–5–106(a) and (c).

Furthermore, appellant is not appealing an action by the disciplinary board, but an action by the Commissioner of the Department of Correction. A prisoner who is charged with a violation of a disciplinary rule of the Department of Correction is entitled to a due process hearing before the disciplinary board. *See* Tenn.Code Ann. §§ 40–35–501(i) and (j). The board makes a recommendation to the Commissioner, who then can increase the petitioner's release eligibility date (R.E.D.) or impose other punishment. *See* Uniform Disciplinary Procedures of the Department of Correction. The decision of the Commissioner can then be appealed directly to the Warden, unless a plea of guilty has been entered, in which case, no inter-agency appeal is allowed. *Id.* In this case, appellant pled guilty to escape, and the Commissioner increased his R.E.D. It is this increase that he seeks relief from.

The disciplinary board did not increase the appellant's release eligibility date. This action was taken by the Commissioner of the Department of Correction. The UAPA governs appeals of the decisions of the Department concerning the release eligibility dates of inmates. *Byrd v. Reynolds,* No. 01–C—19104CH00098, (Tenn.Crim.App. at Nashville, August 3, 1990).

Irrespective of which statutory method of judicial review applies, the trial court's dismissal of the petition should be upheld. Appellant has conceded that he is entitled to no habeas corpus relief. Neither this court nor the trial court has the statutory authority to transfer this case across jurisdictional boundaries. In the absence of statutory authority a court without jurisdiction may not transfer to a court with jurisdiction without the consent of the parties. *Coleman v. Coleman,* 190 Tenn. 286, 229 S.W.2d 341 (1950).

For this reason stated herein, I concur in the results reached by the majority.