# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**November 19, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

ALEXANDER FRIEDMANN,     )
                                  )
    Plaintiff/Appellant,      )
                                  )
                                  )   Davidson Chancery
VS.                          )   No. 96-3848-III
                                  )
                                  )   Appeal No.
CHARLES BASS, et al.,       )   01A01-9707-CH-00331
                                  )
    Defendants/Appellees.     )

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

For the Plaintiff/Appellant:

Alexander Friedmann, Pro Se

For the Defendants/Appellees:

John Knox Walkup
Attorney General and Reporter

Michael E. Moore
Solicitor General

Sohnia W. Hong
Assistant Attorney General

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves a prison disciplinary proceeding. After being found guilty of engaging in an unauthorized monetary transaction, the prisoner filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County alleging that the disciplinary proceeding violated his due process rights. The trial court granted the prison officials' motion for summary judgment and dismissed the petition on the ground that the petitioner had failed to make out a due process claim as a matter of law. We affirm the summary judgment in accordance with Tenn. Ct. App. R. 10(b).[1]

## I.

Alexander Friedmann was transferred from the South Central Correctional Center to the Lake County Regional Correctional Facility on August 28, 1996. On September 18, 1996, prison officials charged him with engaging in an unauthorized financial transaction[2] after the discovery of a postal mail order bearing his name that had been made payable to another prisoner at the South Central Correctional Center.

A disciplinary board convened at the Lake County Regional Correctional Facility on September 20, 1996. After waiving his rights to the presence of a reporting official and to call witnesses on his own behalf, Mr. Friedmann explained to the board that his grandmother had sent the mail order to the inmate without his knowledge to pay for the postage necessary to mail the personal property he had left at the South Central Correctional Center. The board found Mr. Friedmann guilty of the disciplinary offense and gave him a written warning and ordered him to forfeit the

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]The Department of Correction's administrative policies define "making an unauthorized financial transaction" as "[t]he selling, borrowing or lending of goods (whether monies or property) or services between inmates or between inmates and free-world persons. The entering into any financial obligation between inmates or between inmates and free-world people without the consent of the warden." (underlining in the original).

money order.[3]

After exhausting his appeals within the Department of Correction, Mr. Friedmann filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County asserting that the prison officials had denied his due process rights by (1) finding him guilty of a disciplinary infraction without evidence, (2) by conducting a disciplinary hearing at the Lake County Regional Correctional Facility when the alleged offense occurred at the South Central Correctional Center, (3) by preventing him from calling witnesses who could have proved his innocence, and (4) by imposing punishment that was excessively harsh. The trial court granted the prison officials' motion for summary judgment after finding that Mr. Friedmann had not demonstrated that the disciplinary proceedings had imposed on him any "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."

## II.

The only vehicle for seeking judicial review of a prison disciplinary proceeding is a petition for common-law writ of certiorari. *See Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994) (No Tenn. R. App. P. 11 application filed); *Snodgrass v. Noles*, App. No. 02C01-9403-CC-00037, 1994 WL 328762, at *1 (Tenn. Crim. App. July 8, 1994) (No Tenn. R. App. P. 11 application filed). These proceedings permit courts to review a disciplinary proceeding only to determine whether the disciplinary board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. The courts will not grant relief if the decision being reviewed was arrived at in a constitutional and lawful manner. *See Arnold v. Tennessee Bd. of Paroles*, ___ S.W.2d ___, ___ (Tenn. 1997);[4] *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

Mr. Friedmann asserts that the disciplinary proceedings he was subjected to in this case violated his procedural due process rights. In order to prevail with these claims, he must demonstrate that the conduct of prison officials has imposed atypical

---

[3]Mr. Friedmann asserts that the board also deducted eight days of his prisoner sentence reduction credits; however, the prison officials insist that they did not, and the record contains no evidence indicating that they did.

[4]*Arnold v. Tennessee Bd. of Paroles*, App. No. 01S01-9610-CH-00210, 1997 WL 693708, at *2 (Tenn. Nov. 10, 1997).

and significant hardships on him that are not ordinarily incident to prison life. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995). Prison disciplinary proceedings are within the expected parameters of a prison sentence and are an ordinary part of prison life. *See Sandin v. Conner*, 515 U.S. at 485, 115 S. Ct. at 2301.

We find nothing arbitrary or fundamentally improper in the decision to conduct Mr. Friedmann's disciplinary hearing at the Lake County Regional Correctional Facility where he was incarcerated. Likewise, there is no evidence that Mr. Friedmann was unfairly prevented from presenting favorable witnesses because he signed a written waiver of this right to present witnesses. The disciplinary board had before it sufficient circumstantial evidence to support a conclusion that Mr. Friedmann had been involved in an unauthorized financial transaction, and the punishment meted out by the board was consistent with the applicable disciplinary regulations. Accordingly, we concur with the trial court's decision to summarily dismiss Mr. Friedmann's petition.

## III.

We affirm the summary judgment dismissing Mr. Friedmann's petition and remand the case to the trial court for whatever other proceedings may be required. We also tax the costs of this appeal to Alexander Friedmann for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE

# IN THE COURT OF APPEALS OF <u>TENNESSEE</u>
## MIDDLE SECTION AT NASHVILLE

**FILED**

**December 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

ALEXANDER FRIEDMANN,  )
          )
  Plaintiff/Appellant,  )
          )
          )  Davidson Chancery
VS.         )  No. 96-3848-III
          )
          )  Appeal No.
CHARLES BASS, et al.,   )  01A01-9707-CH-00331
          )
  Defendants/Appellees. )

##   ORDER DENYING PETITION FOR REHEARING

Alexander Friedmann's petition for rehearing is respectfully denied.

ENTER this _____ day of December, 1997.

           _____
           HENRY F. TODD, PRESIDING JUDGE
           MIDDLE SECTION

           _____
           SAMUEL L. LEWIS, JUDGE

           _____
           WILLIAM C. KOCH, JR., JUDGE