Vances H. SMITH, Plaintiff–Appellant,

v.

CORRECTIONS CORPORATION OF AMERICA; Percy Pitzer, Warden; Sharp, Correction Officer; Donald Jackson, Defendants–Appellees.

No. 00–5521.

United States Court of Appeals, Sixth Circuit.

Feb. 28, 2001.

**444**

Before JONES, BATCHELDER, and CLAY, Circuit Judges.

*ORDER*

Vances H. Smith, a pro se Wisconsin prisoner incarcerated in Tennessee, appeals a district court order dismissing his action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Smith sued the Corrections Corporation of America ("CCA"), Warden Percy Pitzer, Correctional Officer Senior Sharp, and Disciplinary Committee Chairperson Donald Jackson. Smith alleged that the defendants violated his due process rights in the course of a disciplinary proceeding. Smith was punished with thirty days of disciplinary segregation and claimed that, under Wisconsin law, he would lose one day of good-time credit for every two days confined in punitive segregation. The district court granted in forma pauperis status, screened the complaint, and dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The court held that *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), and *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), barred Smith from bringing a § 1983 action to challenge the disciplinary proceeding.

In his timely appeal, Smith argues that: (1) *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), should not apply to a prisoner confined in a private prison who has no adequate state law remedies to seek the restoration of good-time credits; (2) due process requires some form of judicial review of prison disciplinary proceedings that threaten constitutionally protected liberty interests; and (3) the disciplinary proceedings held in this case violated his due process rights.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Upon review, we agree with the district court that Smith's complaint lacked an arguable basis in law. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. 1827. Smith was charged with sexual misconduct, found guilty, and sentenced to thirty days of disciplinary segregation. Smith had no § 1983 due process claim based upon his placement in disciplinary segregation because this punishment does not rise to the level of an atypical and significant hardship. *See Sandin*, 515 U.S. at 484, 115 S.Ct. 2293; *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.1997).

The district court also properly held that Smith could not bring a § 1983 due process challenge to the loss of his

good-time credits. A challenge to the procedures used in a prison disciplinary hearing is not cognizable under § 1983 if a judgment in favor of the prisoner would imply that the prisoner's conviction and punishment was invalid. *See Edwards,* 520 U.S. at 644–48, 117 S.Ct. 1584; *Huey v. Stine,* 230 F.3d 226, 230 (6th Cir.2000). Smith raised the following procedural challenges to the disciplinary proceeding: (1) the reporting officer was not called as a witness; (2) Smith was not permitted to call an inmate as a witness; and (3) Smith did not receive adequate notice of the hearing. Smith's challenges imply the invalidity of his punishment because he is suggesting that he was convicted on insufficient evidence and was prevented from presenting exculpatory evidence. Such a claim is not cognizable under § 1983 because Smith did not allege that he had his disciplinary conviction overturned before filing this action. *See Edwards,* 520 U.S. at 648, 117 S.Ct. 1584.

Smith's arguments on appeal are all without merit. He argues that *Heck* should not apply to him because he has no adequate state law remedies, that due process requires some form of judicial review, and that the disciplinary proceedings held in this case violated his due process rights. Smith's first contention is wrong, and his other two are premature. Tennessee law provides for judicial review of prison disciplinary proceedings. *See* Tenn.Code Ann. §§ 27–8–101, 102; *Bishop v. Conley,* 894 S.W.2d 294, 296 (Tenn.Crim.App.1994). After exhausting state court remedies, a prisoner may seek federal habeas relief to restore good-time credits. *See Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). A prisoner who succeeds in overturning his disciplinary conviction can bring a § 1983 due process claim. *See Edwards,* 520 U.S. at 648, 117 S.Ct. 1584. Thus, Smith has avenues for judicial review of his disciplinary conviction.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.