# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 11, 2001 Session

## ALEXANDER L. BAXTER
### v.
## TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 00-1729-II     Carol L. McCoy, Chancellor**

---

**No. M2000-02447-COA-R3-CV - Filed April 23, 2002**

---

This case involves a petition for writ of certiorari based on a prison disciplinary proceeding. The inmate was found guilty of a disciplinary infraction by the prison disciplinary board. After his appeal to the prison warden was denied, the inmate filed a petition for a writ of certiorari, alleging numerous violations of his due process rights. The trial court dismissed the petition and Baxter now appeals. We affirm, finding that the sanctions imposed for the infraction did not rise to the level of interfering with the inmate's protected liberty interest and, therefore, did not trigger due process protections.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Alexander L. Baxter, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Mark A. Hudson, Senior Council, Office of the Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

## OPINION

Petitioner/Appellant Alexander Baxter ("Baxter") is an inmate in the custody of the Respondent/Appellee Tennessee Department of Correction ("TDOC"). TDOC has contracted with the Corrections Corporation of America ("CCA") to operate the South Central Correctional Facility ("South Central") in Clifton, Tennessee, at which Baxter has been incarcerated since April 5, 2000.

Inmate disciplinary matters at South Central are handled pursuant to TDOC's Uniform Disciplinary Procedures, TDOC Policy #9502.01, which "governs the manner in which disciplinary hearings shall be conducted, outlines an accused's rights, and establishes a disciplinary board." *Mandela v. Campbell*, 978 S.W.2d 531, 532 (Tenn. 1998). The purpose of the Uniform Disciplinary Procedures is "to provide 'a fair and impartial tribunal' to hear 'all disciplinary charges brought against inmates of the TDOC.'" *Id.* (quoting TDOC Policy #9502.01(IV)(A)).

When Baxter first arrived at South Central, he was placed in punitive segregation to serve the remainder of a disciplinary sentence imposed at his previous facility, Wayne County Bootcamp. While serving his sentence in punitive segregation, Baxter frequently requested verbally and in writing that prison officials place him in protective custody.[1] On the morning of April 9, 2000, Baxter noticed a senior corrections officer standing outside his cell door. Baxter knocked on the cell door in an attempt to get the officer's attention, so that he could find out the status of his prior requests to be moved into protective custody. Baxter alleges that the corrections officer, in response, was verbally abusive and told Baxter that he "was moving out of here today."[2] Later that evening, Baxter received a disciplinary report charging him with interfering with the officer's duties.

On April 18, 2000, an inmate adviser came to Baxter's cell and told him that, if he pled guilty to a Class C infraction, he would be sentenced to the time he had already served in punitive segregation. Baxter told the inmate advisor that he was not interested in pleading guilty to an offense he never committed. Baxter said that he wanted to go before the disciplinary board for a formal disciplinary hearing.

Consequently, Baxter was taken before the disciplinary board. At his appearance before the disciplinary board, Baxter handed an Inmate Witness Request form to the disciplinary board chairman, Shirley Campbell. The form indicated that Baxter's cellmate had witnessed the incident with the corrections officer outside Baxter's cell, and that Baxter intended to call his cellmate as a witness during the disciplinary proceeding. Campbell refused to grant Baxter's request. Campbell then asked Baxter if he waived his right to have the reporting officer present for the hearing. Baxter responded that he did not. Subsequently, Baxter was escorted back to his cell.

Ten minutes after being returned to his cell, Baxter was brought back to the disciplinary hearing. At this point, he alleges, Campbell stated at the hearing that Baxter had not submitted any requests for witnesses. Baxter told Campbell that her statement was untrue and showed her his Inmate Witness Request form. Baxter says that Campbell told him to "shut up" and that he was then escorted back to his cell a second time. A few minutes later, Campbell came to Baxter's cell and

---

[1] The record does not indicate why Baxter made these requests.

[2] Although it is not clear from Baxter's petition, presumably the corrections officer meant that Baxter was moving back into the general prison population.

presented him with a report of the disciplinary board's findings. Campbell told Baxter, "you've got a Class B now."[3]

Baxter sought an internal appeal to the prison warden; this was denied. Baxter then filed a lawsuit seeking a writ of certiorari from the Davidson County Chancery Court. In his lawsuit, Baxter requested that the disciplinary conviction be expunged from his record, that the trial court issue an injunction restraining prison officials from taking retaliatory conduct against him, and that he be awarded compensatory and punitive damages. Baxter did not allege in his petition that any sanctions were imposed for the infraction.

In response to Baxter's complaint, TDOC filed a motion to dismiss. TDOC's motion to dismiss asserted that Baxter's sanction from the disciplinary proceeding was the time that he served in punitive segregation awaiting his hearing. Baxter does not dispute this on appeal. Consequently, this appears to be the only sanction resulting from the hearing. In TDOC's motion to dismiss the petition, TDOC argued that the sanctions imposed on Baxter did not amount to an "atypical and significant hardship" such that Baxter was entitled to due process protections at his disciplinary hearing. ***See Sandlin v. Conner***, 515 U.S. 472 (1995). The trial court agreed and dismissed Baxter's petition by order dated September 26, 2000. From this order, Baxter now appeals.

On appeal, Baxter argues, *inter alia*, that he was not allowed to be present for the hearing or present witnesses and other evidence in his behalf and, therefore, the hearing was conducted in violation of both his due process rights as well as "rights" secured him under TDOC's Uniform Disciplinary Procedures. Baxter also contends that he is not guilty of interfering with an officer's duties because the officer's duties were to "see to the needs of the inmates under his care." Baxter argues further that, by not following its own procedures requiring a "commissioner's designee" to observe all Class B disciplinary hearings, TDOC violated the Private Prison Contracting Act, Tenn. Code Ann. § 41-24-101 et seq. (1997), which prohibits delegating inmate disciplinary responsibilities to a prison contractor. ***See*** Tenn. Code Ann. § 41-24-110(5). Lastly, Baxter argues that his constitutionally protected right of meaningful access to the courts was denied by TDOC's failure to provide him with sufficient legal resources to effectively litigate this case.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claim. ***Riggs v. Burson***, 941 S.W.2d 44, 47 (Tenn. 1997). The grant of a motion to dismiss may be affirmed only if the allegations in the plaintiff's complaint, even if taken as true, fail to state a claim upon which the plaintiff would be entitled to relief. ***Stein v. Davidson Hotel Co.***, 945 S.W.2d 714, 716 (Tenn. 1997). Therefore, in reviewing a trial court's grant of a motion to dismiss, all factual allegations are taken as true, and the trial court's conclusions of law are reviewed *de novo* on the record with no presumption of correctness. ***Doe v. Sundquist***, 2 S.W.3d 919, 922 (Tenn. 1999).

---

[3]Although it is unclear from the record, apparently a conviction of a Class B offense can carry would have more severe sanctions than a conviction of a Class C offense.

An inmate may only obtain judicial review of TDOC's disciplinary proceedings through the common law writ of certiorari. *Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994). Thus, the scope of review must be within the parameters permitted for a writ of certiorari. *Brown v. C. O. I. Majors*, No. W2001-00536-COA-R3-CV, 2001 Tenn. App. LEXIS 948, at *6 (Tenn. Ct. App. December 19, 2001). The scope of review is limited to whether the inferior tribunal has exceeded its jurisdiction, or acted illegally, fraudulently or arbitrarily. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). A petition for writ of certiorari merely seeks to have the record filed with the court so that it may review the proceedings and decision of the inferior tribunal. *Seals v. Bowlen*, No. M1999-00997-COA-R3-CV, 2001 Tenn. App. LEXIS 547, at *6 (Tenn. Ct. App. July 26, 2001). The scope of review under the common law writ of certiorari is very narrow. "If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review." *Powell*, 879 S.W.2d at 873. Therefore, on appeal, this Court should address only whether the petition sets out sufficient factual allegations which, if proven, would show that TDOC exceeded its jurisdiction or, in conducting the disciplinary hearing, TDOC acted illegally, fraudulently or arbitrarily.

We first address Baxter's argument on appeal that the disciplinary proceedings violated his constitutional right to due process. This depends on the due process rights to which the inmate was entitled. *Armstrong v. Tennessee Dep't of Corr.*, No. M2000-02328-COA-R3-CV, 2001 Tenn. App. LEXIS 428, at *7 (Tenn. Ct. App. June 7, 2001). Baxter asserts that he was entitled to all the "rights" provided in TDOC Policy #9502.01 including the right to (1) be present and testify on his own behalf, (2) have the reporting officer present, (3) call relevant witnesses in his behalf, and (4) have his guilt proven by a preponderance of the evidence. For purposes of reviewing the grant of TDOC's motion to dismiss, we take as true Baxter's allegations that the disciplinary board failed to follow the procedural requirements of TDOC Policy #9502.01.

An allegation that TDOC's disciplinary proceeding violated the inmate's due process rights is an allegation that TDOC acted arbitrarily and illegally and, thus, would be reviewable under a petition for common law writ of certiorari. *Seals v. Bowlen*, M1999-00997-COA-R3-CV, 2001 Tenn. App. LEXIS 547, at *19 (Tenn. Ct. App. July 26, 2001). However, Baxter's petition fails to allege that any punitive sanctions were taken against him; instead, he asserts that he had a "right" or "liberty interest" in the procedural requirements mandated in the TDOC Uniform Disciplinary Procedures, regardless of the sanction imposed. Notwithstanding, mandatory language in statutes or prison regulations do not in and of themselves create a liberty interest on behalf of inmates in state custody. *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Rather, an inmate's liberty interest is only implicated, and due process protections are only triggered, where the sanctions imposed after a disciplinary hearing are "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In this case, Baxter fails to allege that *any* type of disciplinary sanctions were taken against him, let alone the type of "atypical and significant hardship" that would

meet the criteria established by *Sandlin*.[4] Accordingly due process protections were not triggered and the deficiencies in the disciplinary hearing alleged by Baxter were not unconstitutional.

Baxter argues that the decision of the disciplinary board was nevertheless "illegal" because TDOC failed to abide by its own disciplinary procedures, and that consequently he may obtain judicial review of the decision through a writ of certiorari. In support of his argument, Baxter cites this Court's decision in *Davis v. Rose*, No. 01-A-01-9610-CH-00494, 1997 Tenn. App. LEXIS 138 (Tenn. Ct. App. Feb. 28, 1997). Baxter argues that *Davis v. Rose* includes language indicating that, even where the inmate does not premise his appeal on a constitutional violation, TDOC was obligated to comply with its procedural rules for disciplinary hearings. *Id.* at *10-11. However, after examining the facts alleged in the petition, the Court in *Davis* concluded that, while the disciplinary proceedings were in some respects deficient, they were not so deficient as to require a reversal of the trial court's denial of the inmate's petition. *Id.* at *12.

The issue was clarified in this Court's recent opinion in *Ahkeem v. Campbell*, No. M2000-02411-COA-R3-CV, 2001 Tenn. App. LEXIS 815 (Tenn. Ct. App. November 2, 2001). In *Ahkeem*, the Court addressed whether an inmate's petition for writ of certiorari could be granted solely on the grounds that TDOC failed to follow its own disciplinary policies. The Court first stated that "an allegation of illegality sufficient to support judicial review of the board's decision [via common law writ of certiorari] must involve a failure to follow 'essential requirements of the law.' " *Id.* at * 15. It concluded that:

> [T]he "essential requirements of the law" in this area are those established by the due process clause. Where the Tennessee legislature has not imposed more stringent requirements on prison disciplinary procedures, we decline to do so. Without a constitutional or statutory "essential requirement", the writ of certiorari procedure does not authorize the courts to create one. Therefore, a failure to sufficiently allege a due process violation in the conduct of prison disciplinary proceedings is also a failure to allege, under common law writ of certiorari grounds, that a disciplinary board has acted illegally by not following the essential requirements of the law. Accordingly, allegations that the board acted illegally by failing to follow TDOC procedures do not, in and of themselves, support issuance of a writ of certiorari to review the legality of the board's decision.

---

[4] This is true regardless of whether we consider as the sanction the fact that Baxter spent ten days in punitive segregation prior to the disciplinary hearing. *See Sandlin*, 515 U.S. 472 (finding that thirty days in punitive segregation was not an "atypical and significant hardship" ); *Seals v. Bowlen*, No. M1999-00997-COA-R3-CV, 2001 Tenn. App. LEXIS 547 (Tenn. Ct. App. July 26, 2001) (finding that ten days punitive segregation, increase in inmate's security status from minimum to close, transfer to a maximum security facility, loss of one month of good behavior credits, and a $5 disciplinary fee was not an "atypical and significant hardship").

*Id.* at 21-22. Thus, the disciplinary proceeding is not "illegal" within the meaning of the statute regarding the common law writ of certiorari simply because the disciplinary board failed to comply with its own internal disciplinary policies; the petition for a writ of certiorari must sufficiently allege a violation of due process. The Court in *Ahkeem* noted: "In the context of prison disciplinary proceedings, both the Tennessee Supreme Court and the United States Supreme Court have recognized the broad discretion necessary to allow prison officials to perform their responsibilities." *Id* at \*21. *See also* Tenn. Code Ann. § 4-6-102 ("The management and government of the state penitentiaries for adults are vested in the department of correction. It has all the power necessary for the full and efficient exercise of the executive, administrative and fiscal supervision over all such institutions, except as otherwise expressly provided."). Under these circumstances, we must conclude that Baxter's allegation that TDOC violated its own internal disciplinary policies does not amount to a failure to follow "the essential requirements of the law" and is, therefore, insufficient to support the issuance of a writ of certiorari.

Baxter also alleges on appeal that the hearing was "illegal" because it was conducted in violation of the TDOC disciplinary policy which provides that a TDOC employee, known as a "commissioner's designee," is to "observe all Class A and B disciplinary hearings, and approve or modify all recommendations of the disciplinary board at the time of the hearing." TDOC Policy #9502.01(VI)(D)(2). The commissioner's designee is "authorized by the commissioner to serve as the approving authority for specified actions occurring at privately contracted TDOC facilities." TDOC Policy #9502.(IV)(I). The disciplinary board, which is made up of private contractor employees, "conducts hearings, reviews the evidence, and makes recommendations to the [commissioner's designee] who must approve or modify the board's recommendation." *Mandela v. Campbell*, 978 S.W.2d 531, 533 (Tenn. 1998). The Private Prison Contracting Act, Tenn. Code Ann. § 41-24-101 et seq., prohibits TDOC from delegating responsibility for inmate disciplinary actions to a prison contractor. Tenn. Code Ann. § 41-24-110(5).[5]

In *Mandela* the Court held that while TDOC Policy #9502.01 allowed for private contractor employees to participate on disciplinary boards and make recommendations, "[t]he final approval of the disciplinary recommendation[s] rested solely with the TDOC commissioner's designee." *Mandela*, 978 S.W.2d at 533. Thus, there was no violation of the statute so long as TDOC retained the sole authority to approve or modify any recommendation made by the disciplinary board. *Id.* In this case, Baxter does not allege that TDOC did not approve the recommendation of the disciplinary board, only that the commissioner's designee was not present at his hearing. This is insufficient to support the issuance of a writ of certiorari.

Baxter also alleges that this Court should review and reverse the decision of the disciplinary board because (1) an officer's duties are to see to the needs of inmates, and thus Baxter could not

---

[5] The holding in *Ahkeem* does not limit the writ of certiorari solely to cases involving due process violations, as in a footnote in the opinion: "[w]e do not imply that a statutory violation cannot constitute a failure to conform to the essential requirements of the law." 2001 Tenn. App. LEXIS 815, at \*22 n. 8.

be found to have interfered with the officer's duties, and (2) the prison's inadequate library resources prevented him from responding more strongly to TDOC's motion to dismiss. Baxter cites no pertinent authority in support of his position. These issues are without merit.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Alexander Baxter, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE