IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief April 11, 2007

## MELVIN PERRY v. BRUCE WESTBROOKS ET AL.

**A Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5695     The Honorable Joseph H. Walker, Judge**

_____

**No. W2006-02747-COA-R3-CV - Filed August 7, 2007**

_____

Appellant challenges trial court's order dismissing Appellant's Petition for Writ of Certiorari. The record reveals that the court reached its decision in a lawful manner.  We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Melvin Perry, Pro Se

Robert E. Cooper, Jr., Attorney General and Reporter; Arthur Crownover II, Senior Counsel, for Appellees, Bruce Westbrooks and Vickie Kirby

**OPINION**

### I.     Factual and Procedural History

Melvin Perry ("Petitioner," "Appellant," "Mr. Perry") is an inmate in the West Tennessee State Penitentiary in Henning, Tennessee, operated by the Tennessee Department of Correction ("TDOC").  Mr. Perry was classified as a minimum custody inmate and was assigned a job position as a dairy processor in the prison dairy.  On October 7, 2002, Mr. Perry was completing his shift in the dairy when he was asked to help unload a truck.  Mr. Perry refused to help because he felt that unloading the truck was not part of his job assignment and because a white inmate who was present was not asked to help.  Because Mr. Perry refused to help, his supervisor ordered him to be placed in the maximum security building.  Mr. Perry was also issued a disciplinary charge for refusing to help unload the truck.

A hearing was conducted at the prison on October 14, 2002, addressing the disciplinary charge against Mr. Perry.  Ms. Perry claims that he was not allowed to call witnesses or otherwise

put on a defense at this hearing, and his own testimony limited as well. The Appellees argue, however, that Mr. Perry waived his right to call witnesses at his disciplinary hearing. At the conclusion of the hearing, the disciplinary board found Mr. Perry guilty of the disciplinary offense. Mr. Perry received punishment of a $5.00 fine, a recommendation of a job drop, and time served in segregation. The conviction was upheld on appeal to the institutional warden.

On December 12, 2002, Mr. Perry filed a pro se application for a writ of certiorari, seeking review of the disciplinary proceedings and alleging that his constitutional rights were violated when he was placed in segregation. The named respondents are Warden Westbrooks and the West Tennessee State Penitentiary Disciplinary Board. The respondents filed a motion to dismiss, and Mr. Perry filed a response. On March 29, 2005, the trial court dismissed the action. Mr. Perry appealed to this Court.

On September 20, 2005, this Court reversed and remanded the decision of the trial court. *Perry v. Westbrooks*, No. W2005-00904-COA-R3-CV, 2005 WL 2333595 (Tenn. Ct. App. Sept. 20, 2005). This Court found that the trial court erred when it held that the named respondents were improper and that the Tennessee Department of Correction ("TDOC") was the only proper respondent in the lawsuit. *Id.* at *3. This Court also held that the trial court erred in dismissing the case for failure to state a claim on which relief can be granted. *Id.* at *4. This Court directed the cause to be "remanded to the trial court for issuance of the writ of certiorari directing the TDOC to file the record, to enable the trial court to address the substance of Perry's claims." *Id.*

On remand, the respondents filed the Certified Disciplinary Record and Certified Copies of Disciplinary Policies with the trial court on January 30, 2006. On February 6, 2006, the trial court entered its order denying the petition and dismissing the case. The trial court stated:

*       *       *       *

> A review of the records reveals that a hearing was conducted October 14, 2002, with the Petitioner Perry, his Inmate Advisor and other witnesses present. Mr. Perry signed the preliminary inquiry that he waived the right to call witnesses on his behalf. The complaint was stated that Petitioner refused to participate by refusing to unload an egg truck when directed to do so. Petitioner responded that this was not his job. The inmate advisor argued that Petitioner Perry refused a direct order, but did not refuse to participate. The inmate statement from the records indicates that Perry's position is that the Doc man's job is to unload and load. I did not refuse to participate.
>
> The board found that Petitioner Perry refuse [sic] to unload the truck after a request to do so.

There is nothing in the record to indicate that the administrative body acted outside its jurisdiction or acted arbitrarily, fraudulently, or illegally.

There is nothing in the record to indicate the inmate was refused the opportunity to have witnesses testify. The records show the signature of the Petitioner Perry agreeing to waive the right to call witnesses. Perry testified, and had an inmate advisor.

The Court finds that the records reveal that the board reached its decision in a lawful manner.

It is therefore ORDERED that the petition for a writ is denied, and dismissed.

\*     \*     \*     \*

A motion for new trial was denied on November 20, 2006. Mr. Perry filed a Notice of Appeal on December 8, 2006. Mr. Perry presents the following two issues for review:

1.      Whether the Trial Court erred in denying the Writ of Certiorari because the WTSP disciplinary board did not act outside its jurisdiction or act arbitrarily, fraudulently, or illegally?

2.      Whether the Trial Court erred in denying the Petition or Writ of Certiorari because the Appellant failed to state a claim from which relief can be sought?

## II.      Analysis

The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals. *See Rhoden v. State Dep't of Corr.,* 984 S.W.2d 955, 956 (Tenn.Ct.App.1998) (citing *Bishop v. Conley,* 894 S.W.2d 294 (Tenn.Crim.App.1994)). By granting the writ, the reviewing court orders the lower tribunal to file its record so that the court can determine whether the petitioner is entitled to relief. Review under a writ of certiorari is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *McCallen v. City of Memphis,* 786 S.W.2d 633, 640 (Tenn.1990). The reviewing court does not weigh the evidence, but must uphold the board's decision if the board acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the board's findings. *Watts v. Civil Serv. Bd. of Columbia,* 606 S.W.2d 274, 276-77 (Tenn.1980); *Davison v. Carr,* 659 S.W.2d 361, 363 (Tenn.1983). These determinations are issues of law. *Watts,* 606 S.W.2d at 277. Since a writ of certiorari is not available as a matter of right, its

-3-

grant or denial is within the sound discretion of the trial court. Such decisions will not be reversed on appeal unless there is abuse of that discretion. **Hall v. McLesky,** 83 S.W.3d 752, 757 (Tenn.Ct.App.2001) (citing **Boyce v. Williams,** 389 S.W.2d 272, 277 (1965)).

I.      Whether the trial court erred in finding that the disciplinary board did not act outside its jurisdiction or act illegally, fraudulently, or arbitrarily.

Mr. Perry argues that the trial court erred in finding that the disciplinary board did not act outside its jurisdiction or act illegally, fraudulently, or arbitrarily. Mr. Perry argues that the disciplinary aboard acted illegally when it refused to allow him to present witnesses or otherwise put on a defense. He further argues that the board failed to comply with the Uniform Disciplinary Procedures in conducting the disciplinary hearing.

As noted above, the scope of review under the common-law writ of certiorari is very narrow. In **Powell v. Parole Eligibility Review Bd.**, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994), this Court stated:

> The scope of review under the common-law writ, however, is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily. Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

**Id.** at 873 (citations omitted).

Mr. Perry argues that the disciplinary board failed to allow him to call witnesses or otherwise put on a defense in his case. However, in the disciplinary record, Mr. Perry signed a document waiving his right to call witnesses on his behalf. Further, Mr. Perry did testify on his own behalf and had an inmate advisor present during the hearing. There is nothing in the record that indicates that Mr. Perry was denied any rights to produce witnesses or defend himself in the hearing.

Mr. Perry also argues the board failed to follow proper procedures in conducting a hearing on his disciplinary charge. Perry argues that the respondents failed to provide him with a written statement, summarizing the evidence and stating detailed reasons for the disciplinary board's decision, pursuant to TDOC policy. However, the very document which Mr. Perry signed in order

to waive his right to call witnesses on his behalf is entitled "Disciplinary Report Hearing Summary" and provides a summary of the evidence as well as the reasons for the disciplinary board's decision.

In conclusion, there is nothing in the record to indicate that the disciplinary board acted outside its jurisdiction or acted arbitrarily, fraudulently, or illegally. The trial court was therefore correct dismissing Mr. Perry's petition.

II.      Whether the trial court erred in denying the Petition or Writ of Certiorari because the Appellant failed to state a claim upon which relief can be granted

Mr. Perry also argues that the trial court erred in dismissing his petition for failure to state a claim upon which relief can be granted. Mr. Perry argues that the trial court held that Mr. Perry had failed to state a claim upon which relief can be granted because the proper respondent in the case should be the TDOC and that decisions of prison disciplinary boards are not subject to review by writ of certiorari. These issues were addressed in the previous appeal in this matter. See Perry, 2005 WL 2333595. There is nothing in the trial court's order of February 6, 2006 based on failure to state a claim or an improper named respondent. Therefore, we find this issue to be without merit.

**III.    Conclusion**

For the foregoing reasons, we affirm the order of the trial court. Costs of this appeal are assessed against the Appellant, Melvin Perry.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.