# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

## MICHAEL WAYNE DAVIS v. DWIGHT BARBEE, WARDEN and HENRY STEWARD, WARDEN

### Appeal from the Circuit Court for Lake County
### No. 11CR9637   R. Lee Moore, Jr., Judge

### No. W2011-02578-CCA-R3-HC  - Filed March 7, 2012

The Petitioner, Michael Wayne Davis, appeals the Circuit Court of Lake County's denial of his pro se petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Michael Wayne Davis, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Brent C. Cherry, Assistant Attorney General for the Appellees, Dwight Barbee, Warden and Henry Steward, Warden.

## MEMORANDUM OPINION

In October 2011, the Petitioner, an inmate incarcerated at the West Tennessee State Penitentiary in Henning, Tennessee, filed a petition for writ of habeas corpus in the Lake County Circuit Court. In his petition, he challenged the prison disciplinary board's decision to place him in involuntary administrative segregation. He alleged he was not given notice of the charges of misconduct or an administrative hearing to address the charges. On November 15, 2011, the trial court entered an order denying the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The Petitioner may not attack the disciplinary action of the Department of Correction through a petition for writ of habeas corpus. A writ of habeas corpus will not lie to challenge the denial of prison privileges and other related internal matters, but is only available where a petitioner's sentence is void or that his sentence of imprisonment is expired. See Harold M. Mays and Bill Narrmore v. State of Tennessee, No. 03C01-9904-CR-00126, 1999 Tenn.

Crim. App. LEXIS 1140, at **3-4 (Tenn. Crim. App., at Knoxville, Nov. 17, 1999); <u>Bishop v. Conley</u>, 894 S.W.2d 294, 295 (Tenn. Crim. App. 1994). There is no indication that the Petitioner's convictions are void or that his sentence of imprisonment has expired. <u>See</u> <u>Archer</u>, 851 S.W.2d at 164. Accordingly, the Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE